# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

FLOYD RICHARD LOVITT AND
CHERRIE F. LOVITT,                                                    PLAINTIFFS

VS.                                                        No. 2:04CV192-GHD-EMB

WAL-MART STORES, INC., ET AL.,                                       DEFENDANTS

### O R D E R

Before the Court is the Motion of Wal-Mart Stores, Inc. to strike changes made by plaintiff to his deposition testimony and plaintiff's Response thereto. At issue are several corrections submitted by plaintiff on an errata sheet to his deposition.

Having considered the arguments of the parties, the Court acknowledges there is a split among the Circuits regarding the extent to which a deponent may be allowed to correct prior testimony under Rule 30(e). And, the Court finds the better view is the one advocated to some degree by both parties and articulated in *Summerhouse v. HCA Health Services*, 216 F.R.D. 502 (D.Kan. 2003). In that case, the district court held that "Rule 30(e) permits any changes to deposition testimony, except those material changes that fail the *Burns* test." In *Burns v. Bd. of County Comm'rs of Jackson County, Kan.*, 330 F.3d 1275 (10th Cir. 2003), the Tenth Circuit held that Rule 30(e) changes should be evaluated under the sham affidavit analysis articulated in *Franks v. Nimmo*, 796 F.2d 1230 (10th Cir. 1986), which considers 1) whether the affiant was cross examined during his prior testimony, 2) whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit is based on newly discovered evidence, and 3) whether the earlier testimony reflects confusion which the affidavit

attempts to explain.

In this case, however, the Court finds it need not apply the *Summerhouse* holding because plaintiff failed to follow the procedural requirements of Rule 30(e). Rule 30(e) expressly states only two procedural requirements: the deponent must sign the changes and give reasons for them. The case law reviewed by this Court in consideration of the instant motion consistently reflects that Rule 30(e)'s procedural requirements must be met as well. In this case, plaintiff merely submitted his errata sheet with the requested changes. No reason was noted for any change, whether material or immaterial. Thus, because plaintiff failed to meet the requirements of Rule 30(e), all of his proposed changes should be stricken. Therefore, it is

**ORDERED:**

1. That defendant's motion to strike is hereby granted; and

2. That those changes indicated on plaintiff's errata sheet to his deposition are hereby **STRICKEN**.

**THIS**, the 26th day of May, 2005.

**/s/ Eugene M. Bogen**
**U. S. MAGISTRATE JUDGE**