IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FLOYD RICHARD LOVITT AND
CHERRIE F. LOVITT                                                                          PLAINTIFFS

VS.                                                                                    No. 2:04CV192-D-B

WAL-MART STORES, INC. ET. AL.                                                          DEFENDANTS

### OPINION DENYING MOTION FOR NEW TRIAL

Presently pending before the Court is the Plaintiffs' motion for a new trial. Upon due consideration, the Court finds that the motion shall be denied.

*A. Factual and Procedural History*

On August 20, 2003, the Plaintiff, Floyd Lovitt, attempted to enter the grocery side exit door at the Wal-Mart Store in Olive Branch, Mississippi. The Plaintiff was driven to Wal-Mart by his full-time caretaker, Andrew Wooten. Lovitt was disabled and required assistance after having a stroke that left him partially paralyzed on his left side. Wooten walked ahead of the Plaintiff and attempted to locate a motorized cart. Lovitt walked toward the front entrance with his four-pronged cane.

When Lovitt attempted to enter the store, he fell and broke his hip and shoulder. The parties hotly contest what caused Lovitt to fall. The Plaintiffs claimed that the automatic doors at the entrance of Wal-Mart closed on him and caused him to fall. The Defendants argued that the Plaintiff was inside the store when he fell and out of the way of the doors. The Plaintiffs claimed that the door closed on Lovitt and knocked the quad cane out of his hand causing him to lose his balance and fall. The Plaintiffs further alleged that the doors continued to close on him several times while he was laying on the ground. In his deposition, Lovitt could not specifically remember if the doors hit him or not and could not remember where the doors hit his body.

After Lovitt fell, two Wal-Mart employees noticed him and immediately went to his aid. One of the employees, JeMarco Hubbard, had his back turned when Lovitt fell. Hubbard turned around and saw Lovitt lying on the floor and the door closing on him. Hubbard rushed to hold back the automatic door while another employee, Billy Sessom, helped Lovitt get up and into a wheelchair Although Sessom and Hubbard were in close proximity, neither one of them saw the Plaintiff fall. As mentioned above, the Plaintiff suffered a broken hip and broken shoulder. Lovitt had to have a hip replacement, which later had several complications. These complications resulted in the inability to ambulate for long periods of time. The inability to ambulate combined with Lovitt's pre-existing vascular disease caused ulcers to develop on his left leg. Those ulcers developed into necrosis and gangrene which caused an amputation of Lovitt's leg. The Plaintiffs alleged through medical expert testimony that Lovitt's amputation was a direct result of his fall at Wal-Mart.

The Wal-Mart Store in Olive Branch has two main entrances each with two sets of automatic doors. One entrance is closest to the grocery side of the store and the other entrance is closest to the general merchandise side of the store. Each entrance has a set of doors for entrance and a set of doors for exit, although all doors are set-up for two-way traffic.

The automatic sliding doors and their component parts were manufactured by Besam Automated Entrance Systems, Inc., ("Besam"). The doors were installed by Tri-State Auto Doors in January 2000 and were in place when the store opened for business. Each door is equipped with a sensor mechanism called the Eye-Cue. The Eye-Cue is mounted on top of the door with a sensor system on each side of the door. The Eye-Cue contains both a motion and presence sensor. As a person or object approaches the door, the motion sensor detects movement and activates the door. When a person or object enters the threshold area of the door, the presence sensors detect the person or object and keep the door open. Once the object or person moves out of the threshold area to the

other side of the door, the motion sensor on the opposite side detects the person moving away. When all detection ceases, then the door closes. Each of the sensors sends a signal to the motor to keep the door open while a person or object is detected and for 1.5 seconds afterward. An additional pressure sensor causes the door to open after it makes contact with a person or object.

After the doors were installed and until the end of 2002, Wal-Mart contacted Besam anytime the doors malfunctioned. Besam would dispatch either Southern Door of Mississippi or Tri-State Automatic Doors to make any necessary repairs. According to Besam's records, Besam's contractors performed service or made repairs to the grocery side exit door on seven occasions. However, during this time Wal-Mart had never requested that Besam perform an AAADM inspection or do preventative maintenance. An AAADM inspection is a certification program that ensures that automatic doors meet the standard of the American Association of Automatic Door Manufacturers.

In January 2003, Besam notified Wal-Mart that it could no longer supply new doors or provide maintenance services on Besam doors in existing stores. Thus, Wal-Mart entered into an agreement with The Stanley Works, Inc., ("Stanley") in February 2003. That agreement provided that Stanley would provide maintenance and repair services for all automatic sliding doors in Wal-Mart stores. This agreement provided for repair services and preventative maintenance services, but allowed Stanley to conduct a certifying door inspection before the particular store fell within the preventative maintenance program.

In April 2003, pursuant to its agreement with Stanley, Wal-Mart contacted Stanley regarding the failure of the grocery side entrance door at the Olive Branch Store. Stanley contacted Mid-South Automatic Doors ("Mid-South") to make a service call. On April 17, 2003, the Mid-South repairman, Paul Nabors, reset the controls on the grocery side entrance door. Nabors then performed a walkthrough test of all of the automatic doors at the Olive Branch Wal-Mart Store. Nabors noted

that all doors were working at the time of that walkthrough. Nabors did not conduct a test on the motion and presence senors at that time.

After Lovitt's fall, Wal-Mart contacted Stanley and requested an inspection of all automatic sliding doors. On August 25, 2003, Nabors returned to the store and performed an AAADM inspection of the grocery side exit door and found a presence sensor had been disconnected. Nabors' inspection also revealed that none of the automatic sliding doors at the Olive Branch Store met the AAADM standards for safety. The presence sensors were unhooked on several of the doors. The absence of those sensors is not easily detectable. However, if a door keeps opening and closing on a stationary target, the sensors are not operable. It was noted that Wal-Mart did not perform daily safety checks on the doors, something the manufacturer recommends.

The Plaintiffs filed this action on July 21, 2004. The Plaintiffs request relief on a variety of legal grounds. The Plaintiffs originally sued Besam and Stanley for defective design, failure to warn, breach of express warranty, and breach of warranty under the UCC. The Plaintiffs also sued Crain Enterprises d/b/a Mid-South for breach of express warranty and breach of warranty under the UCC. Finally, the Plaintiffs sued Wal-Mart for negligence and negligence under *res ipsa loquitur*. The Plaintiffs sued all parties for compensatory damages including medical costs and also punitive damages.

In May 2006, this Court issued several opinions and orders addressing the Defendants' motions for summary judgment. The Court dismissed the Plaintiffs claims against Defendant The Stanley Works under the Mississippi Products Liability Act and the Plaintiffs' claims for breach or express or implied warranties. In addition, the Court dismissed the Plaintiffs' claims against Defendant Besam Automated Entrance Systems for failure to warn and inadequate warnings. The Court denied all other grounds for summary judgment. On October 4, 2006, and October 20, 2006,

Defendants dismissed their cross-claims against each other by agreed orders.

On October 23, 2006, the Court impaneled a jury to hear the merits of this case. During the trial, the jury heard testimony and evidence from the Plaintiffs' witnesses about the incident at Wal-Mart, Lovitt's injuries, and the design of the automatic door. The Defendants were able to extract from cross-examination that Plaintiff Floyd Lovitt was the only eyewitness to the incident besides an unknown door greeter at Wal-Mart. In addition, on cross-examination, the Defendants were able to draw some discrepancy as to where Lovitt actually fell. Furthermore, the jury heard testimony from the Plaintiffs' expert as to the design of the automatic door and also his theory of how the door failed to work properly. In addition, the jury heard the Plaintiffs' expert's theory on how the automatic doors caused Floyd Lovitt's fall. At the close of the Plaintiffs' case, the Court granted judgment as a matter of law to Defendants The Stanley Works and Crain Enterprises, Inc., d/b/a Mid-South Automatic Doors. In addition to the five days of testimony and proof, the jury heard arguments from the Plaintiffs and Defendants Wal-Mart and Besam, along with the instructions read by the Court. At the close of the case, the jury returned a verdict in favor of the Defendants.

The Plaintiffs now move this Court to set aside the verdict of the jury and conduct a new trial. The Plaintiffs' motion is based solely upon their contention that the verdict of the jury was against the great weight of the evidence.

*B. Standard of Review*

Rule 59 of the Federal Rules of Civil Procedure permits a trial court to grant a new trial based on that court's appraisal of the fairness of the trial and the reliability of the jury's verdict. The rule does not specify what grounds are necessary to support such a decision, but states only that the action may be taken "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a); Smith v. Transworld Drilling Co.,

773 F.2d 610, 613 (5th Cir. 1985). A new trial may be granted, for example, if the district court finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in the course of the trial. The judgment will stand when the evidence presented at trial could reasonably support the jury's verdict. See, e.g., Eyre v. McDonough Power Equip., Inc., 755 F.2d 416, 420-21 (5th Cir. 1985); Westbrook v. General Tire and Rubber Co., 754 F.2d 1233, 1241 (5th Cir. 1985). A motion for a new trial based on evidentiary grounds should not be granted unless, at a minimum, the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence. Carter v. Fenner, 136 F.3d 1000, 1010 (5th Cir. 1998).

*C. Discussion*

In addressing the Plaintiffs' post-trial motion, the Court notes that the Plaintiffs have not objected to any evidentiary ruling by the Court. The Court further notes that the Plaintiffs have not objected to any jury instruction either given or refused. The sole basis for this motion relates to the great weight of the evidence. The Court is of the opinion that factual issues existed for the jury–mainly whether Wal-Mart was negligent or had notice of a defective condition. As to Defendant Besam, the factual issues for consideration by the jury were whether the automatic doors installed at Wal-Mart Store #2846 in Olive Branch, Mississippi, were in substantially the same condition at the time of the alleged accident as they were at time of sale and delivery by Besam. In addition, there was a factual question as to whether Besam's automatic doors were defectively designed.

The Court is of the opinion that there were legitimate factual issues for the jury. Further, it appears to the Court that the arguments in the post-trial briefs are identical to the arguments made in front of the jury. Upon those arguments, the jury rendered its verdict in favor of the Defendants.

Therefore, the Court refrains from substituting its judgment for the jury's verdict. Even if the Court disagreed with the jury's determination of the facts, the Court cannot substitute its judgment for that of a duly impaneld jury. Polanco v. City of Austin, 78 F.3d 968. 981 (5th Cir. 1996); Roberts v. Wal-Mart Stores, Inc., 7 F.3d 1256, 1259 (5th Cir. 1993); see also United States v. Dula, 989 F.2d 772, 778 (5th Cir. 1993), *cert. denied*, 510 U.S. 859, 114 S. Ct. 172, 126 L. Ed. 2d 131 (1993).

Thus, the motion for a new trial is not well-taken and is overruled.

A separate order in accordance with this opinion shall issue this day.

This the 8th day of January 2007.

/s/ Glen H. Davidson
Chief Judge